UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PEGGIE VOLKMAN

        Plaintiff,                  CIV. S-03-0548-PAN

    v.

JO ANNE B. BARNHART,               Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—o○o—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working. 20 C.F.R. §§ 404.1520(b). Second, the claimant must have a "severe" impairment. 20 C.F.R. §§ 404.1520(c). Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. §§ 404.1520(d). Fourth, if the claimant can do his past work benefits are denied. 20 C.F.R. §§ 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded. 20 C.F.R. §§ 404.1520(f).

Defendant found plaintiff was eligible, suffered from fibromyalgia but no listed impairment, that she retains the capacity for sedentary work and her past work as an analyst and is not disabled.

This court must uphold the Commissioner's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Commissioner's findings are supported by substantial evidence.  <u>Sanchez v. Sec'y of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance.  <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the

Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Commissioner's decision. <u>Gonzalez</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims defendant erred in relying upon the opinion of Dr. Ganim, in assessing plaintiff's credibility, and giving inappropriate weight to the opinion of her treating physician, Dr. Sox.

Plaintiff's claims all depend upon the opinion of Dr. McIntire, who examined plaintiff June 30, 2002, and who found she was malingering.  Specifically, he reported his examination was marked by plaintiff's embellishment of her symptoms and multiple inconsistencies, such as complaining "of pain with a number of maneuvers although at other times she is observed to complete the same maneuvers herself without complaints of pain."  Tr. 348, 351.  There can be no legitimate question that Dr. McIntire's findings were adequate basis to discredit a plaintiff's subjective complaints of disabling limitations.  <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821 (9th Cir. 1995).  Defendant rejected Dr. Sox'

opinion because it "relied quite heavily" upon those questionable subjective complaints.  He gave a specific and legitimate reason for resolving the conflicting opinion as he did and that was all that was required.  <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995).  Further, defendant was not required to either adopt or reject all of Dr. Ganim's findings but rather to resolve conflicts in the medical evidence in a principled way which is what she did.  <u>Andrews v.Shalala</u>, 53 F.3d 1035 (9th Cir. 1995) and <u>Morgan v. Apfel</u>, 169 F.3d 595 (9th Cir. 1998).

        The decision denying benefits is affirmed.

        Dated:  April 25, 2005.

                                      /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge